IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RONNOSHA MORRIS, and DANTRE BOONE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) State Court Case No. 2116-CV23364 |
| LUCAS OIL PRODUCTS, INC. | ) ) ) |
| and, | ) Federal Court Case No. 4:21-cv-00831 ) |
| BRADLEY BEAUCHAMP | ) JURY TRIAL DEMANDED |
| Defendants. | ) ) ) |

## NOTICE OF REMOVAL

**COME NOW,** Defendants Lucas Oil Products, Inc. and Bradley Beauchamp, (hereinafter collectively referred to as "Defendants"), by and through undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and hereby files their Joint Notice of Removal of the above captioned matter to the United States District Court for the Western District of Missouri, Western Division. Defendants state the following grounds supporting removal:

1. Plaintiffs filed their Petition in the Circuit Court of Jackson County, Missouri on October 27, 2021, which was assigned the case number 2116-CV23364.

2. As alleged in Plaintiff's Petition, Plaintiff Ronnosha Morris is a resident of Illinois, and therefore is a citizen of the State of Illinois for the purposes of determining diversity jurisdiction. (*See Plaintiff's Petition,* ¶ 1, contained in the Circuit Court File, attached as **Exhibit A**).

3. As alleged in Plaintiff's Petition, Plaintiff Dantre Boone is a resident of Illinois, and therefore is a citizen of the State of Illinois for the purposes of determining diversity

jurisdiction. (*See Plaintiff's Petition,* ¶ 2, contained in the Circuit Court File, attached as **Exhibit A**).

4. Lucas Oil Products is a California Corporation. (*See Articles of Incorporation of Lucas Oil Products, Inc.,* attached as **Exhibit B**; *See also, Application for Certificate of Authority for a Foreign For-Profit Corporation,* attached as **Exhibit C**). Its current primary place of business is in Corona California. (*See Corporation – Statement of Information,* attached as **Exhibit D**). Therefore, Defendant Lucas Oil Products is a citizen of the State of California for the purposes of determining diversity jurisdiction.

5. As alleged in Plaintiff's Petition, Defendant Bradley Beauchamp is a resident of Kentucky, and therefore is a citizen of the State of Kentucky for the purposes of determining diversity jurisdiction (*See Plaintiff's Petition,* ¶ 4, contained in the Circuit Court File, attached as **Exhibit A**).

6. As the Plaintiff is not a citizen of the same state of any Defendant, complete diversity exists.

7. To satisfy the amount-in-controversy requirement, Defendants must show by a preponderance of the evidence only that "a fact finder could legally conclude from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff[s] suffered are greater than $75,000." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) (emphasis added); *see also James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005).

8. Plaintiffs' Petition states a claim for injuries to both Ronnosha Morris and Dantre Boone. Specifically, Plaintiff Morris has alleged damages stemming from "neck pain, back pain, right shoulder pain, cervical strain, and thoracic myofascial strain." (*See Plaintiff's Petition,* ¶ 14, contained in the Circuit Court File, attached as **Exhibit A**). Plaintiff Dantre Boone has alleged

damages stemming from "neck pain, cervical pain, cervical disorder at C4-5, broad disc bulging at L5-S1, sprain of ligaments, lumbar pain, head pain, muscle aches and muscle spasm." (*See Plaintiff's Petition,* ¶ 14, contained in the Circuit Court File, attached as **Exhibit A**).

9. Prior to this lawsuit being filed, counsel for Plaintiff Dantre Boone sent a demand. The demand was marked as confidential, so it is not attached to this Motion. The amount demanded exceeds the $75,000 jurisdictional minimum and can be provided to the Court upon request. The demand was solely for Plaintiff Boone's claims, and made no mention of Plaintiff Morris' claims.

10. Therefore, a fact finder may reasonably conclude that the damages sought, demonstrate an amount in controversy that satisfies the jurisdictional minimum as it is reasonably expected to exceed $75,000.00 in accordance with 28 U.S.C. § 1332(a) and 28 U.S.C. § 1446(b).

11. This case is therefore removable pursuant to 28 U.S.C. § 1332(a)(1) in that the amount in controversy with respect to Plaintiffs' claims is reasonably anticipated to exceed $75,000.00, exclusive of interest and costs, and it is between citizens of different states.

12. A copy of the Circuit Court's file, including copies of all process, pleadings, and orders, filed in the above-referenced state court matter are attached hereto as **Exhibit A**.

13. Defendants certify that on the date of filing this Notice of Removal, Defendants sent a notice to be filed with the state court in the above-referenced state court matter, A copy of that notice, without its attachments, is attached hereto as **Exhibit E**. Both this Notice of Removal and the notice filed in the state court have been served upon counsel for Plaintiff.

Respectfully submitted,

**BROWN & JAMES, P.C.**


/s/ David R. Buchanan
David R. Buchanan,   MO #29228
2345 Grand Boulevard, Ste. 2100
Kansas City, MO 64105
Ph:     816.472.0800
Fax:    816.421.1183
Email: dbuchanan@bjpc.com
**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      I hereby certify that on 24th of November, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.  In addition, a true and accurate copy of the above and foregoing was served via electronic .pdf format, upon:

James M. Roswold
Phillip B. Grubaugh
James E. Brady, III
james@kcaccidentattorneys.com
phillip@kcaccidentattorneys.com
jim@kcaccidentattorneys.com


/s/ David R. Buchanan

26909045.mbl